IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02937-GPG

ADAM BONILLA,

     Applicant,

v.

[NO RESPONDENT NAMED],

     Respondent.

---

ORDER OF DISMISSAL

---

     Applicant, Adam Bonilla, is a detainee at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Bonilla initiated this action by filing *pro se* a letter (ECF No. 1) alleging that his constitutional rights have been violated and that he is being held illegally.  The instant habeas corpus action was commenced and, on October 30, 2014, Mr. Bonilla was ordered to cure certain deficiencies if he wished to pursue any habeas corpus claims.  In particular, Mr. Bonilla was ordered to file on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the $5.00 filing fee for a habeas corpus action or to file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action along with a certificate showing the current balance in his inmate account.  Mr. Bonilla was warned that the action would be dismissed if he failed to cure the deficiencies within thirty days.

     Mr. Bonilla was granted multiple extensions of time to cure the deficiencies after

he filed three motions for appointment of counsel (ECF Nos. 5, 8, & 11) and a "Motion

for Leave to File In Forma Pauperis" (ECF No. 7) that is not on the proper form.  On

January 27, 2015, Magistrate Judge Gordon P. Gallagher entered an order denying the

third motion for appointment of counsel and explained to Mr. Bonilla that he must file an

initial pleading that identifies the federal constitutional claims he is asserting and the

specific factual allegations that support those claims before a decision regarding

appointment of counsel can be made.  Therefore, Magistrate Judge Gallagher again

directed Mr. Bonilla to cure the deficiencies and he directed the clerk of the Court to

mail to Mr. Bonilla the necessary forms to cure the deficiencies.  Mr. Bonilla again was

warned that the action would be dismissed without further notice if he failed to cure all of

the deficiencies within thirty days.

Mr. Bonilla has not cured the deficiencies within the time allowed and he has

failed to communicate with the Court in any way in response to Magistrate Judge

Gallagher's January 27 order.  Therefore, the action will be dismissed without prejudice

for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Bonilla failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the "Motion for Leave to File In Forma Pauperis" (ECF No. 7) is denied as moot.

DATED at Denver, Colorado, this __5th__ day of ___March_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court